TAGGED OPINION



**ORDERED in the Southern District of Florida on January 24, 2022.**

_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VISIUM TECHNOLOGIES, INC.,   Case No. 20-24221-SMG

    Debtor.
_____/

VISIUM TECHNOLOGIES, INC.,

    Plaintiff,

v.   Adv. No. 21-01114-SMG

TARPON BAY PARTNERS, LLC,
J.P. CAREY ENTERPRISES, INC.,
ANVIL FINANCIAL MANAGEMENT, LLC,
STEPHEN HICKS, JOSEPH C. CANOUSE,
and JEFFREY M. CANOUSE,

    Defendants.
_____/

## ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

After the Court dismissed an involuntary chapter 7 petition filed by Tarpon

Bay Partners, LLC ("Tarpon Bay"), J.P. Carey Enterprises, Inc. ("Carey"), and Anvil

Financial Management, LLC ("Anvil," and together with Tarpon Bay and Carey, the "Petitioning Creditors") against Visium Technologies, Inc. ("Visium"), Visium filed this adversary proceeding seeking damages and other relief under 11 U.S.C. §§ 105 and 303(i) against the Petitioning Creditors and their respective owners or principals, Stephen Hicks, Joseph C. Canouse, and Jeffrey M. Canouse (collectively, the "Individual Defendants"). The Individual Defendants moved to dismiss the counts directed to each of them for failure to state a claim upon which relief may be granted,[1] arguing that under section 303(i) they are not "petitioners" against whom judgment may be entered. Visium responded that as the individuals who signed the involuntary petition on behalf of the Petitioning Creditors, the Individual Defendants are "petitioners" against whom judgment may be entered. For the reasons discussed below, the Court agrees with the Individual Defendants and will grant their motion to dismiss.

## STANDARD

To avoid dismissal for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a complaint must state a claim for relief that is "plausible on its face."[2] A claim for relief is plausible on its face where the plaintiff pleads sufficient facts – which the court must accept as true at this point[3] – to allow the court "to draw the reasonable inference" of a defendant's liability.[4] But

---

[1] ECF No. 24.
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[3] *Iqbal*, 556 U.S. at 678.
[4] *Id.* (citing *Twombly*, 550 U.S. at 556).

2

if the "well-pleaded facts do not permit the court to infer more than the mere possibility" of liability, the complaint must be dismissed.[5]

## BACKGROUND

Visium alleges that in 2013 and 2014 it executed two convertible promissory notes payable to a company called ASC Recap LLC ("ASC"), as part of a transaction under section 3(a)(10) of the Securities Act of 1933.[6] One note is referred to as the "Signing Note," and the other as the "Success Fee Note." In 2015, ASC purported to assign both notes to Tarpon Bay. Visium alleges that in a later series of transactions – the validity of which Visium disputes – Tarpon Bay purported to assign to Carey the Signing Note in its entirety, along with a portion of the Success Fee Note. Carey then allegedly purported to assign to Anvil a portion of the Signing Note, along with its entire interest in the Success Fee Note. Visium alleges that these assignments were made in an effort to gerrymander the three creditors required to file an involuntary bankruptcy petition.[7] Visium also alleges that each of the Individual Defendants played active roles in these transactions and in engineering the filing of the involuntary petition. But Visium does not allege that the notes (or any portion thereof) were actually assigned to any of the Individual Defendants.

The Petitioning Creditors filed an involuntary petition under chapter 7 of the Bankruptcy Code against Visium on December 31, 2020. Steven Hicks signed the involuntary petition as Managing Member of Tarpon Bay. Joseph Canouse signed the

---

[5] *Id.* at 679.
[6] 15 U.S.C. § 77c(a)(10).
[7] *See* 11 U.S.C. § 303(b)(1).

3

involuntary petition as President of Carey. And Jeffrey Canouse signed the involuntary petition as Managing Member of Anvil. Visium then filed an emergency motion to dismiss the involuntary petition. After briefing and a contested hearing, the Court granted the motion to dismiss, ruling that the Petitioning Creditors failed to meet their burden to establish that their claims were not the subject of a bona fide dispute as to liability or amount, as required by 11 U.S.C. § 303(b)(1).

Visium then commenced this adversary proceeding against the Petitioning Creditors and the Individual Defendants, seeking attorneys' fees and costs under 11 U.S.C. §§ 105 and 303(i)(1), and compensatory, consequential, special, and punitive damages under 11 U.S.C. §§ 105 and 303(i)(2). The Petitioning Creditors filed an answer and affirmative defenses, and the Individual Defendants filed a motion to dismiss. In their motion to dismiss, they argued that section 303(i) only applies to the Petitioning Creditors and not to the Individual Defendants, and that the claims asserted against the Individual Defendants constitute an improper attempt to pierce the corporate veils of the Petitioning Creditors.

In response, Visium argued that the Individual Defendants are "petitioners" to whom section 303(i) applies, and that it is not seeking to pierce any corporate veil, but instead is seeking to impose direct liability on the Individual Defendants for their alleged roles in causing the involuntary petition to be filed. In their reply brief, the Individual Defendants then raised a new argument that relief under Bankruptcy

4

Code section 105 is inappropriate. But as a new issue raised for the first time in a reply brief, the Court will not consider this argument.[8]

## ANALYSIS

Bankruptcy Code section 303 permits an involuntary bankruptcy case to be filed against a "person"[9] by three or more "entities,"[10] each of which must hold a claim against the person "that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount," and which in the aggregate total at least $16,750 more than the value of any liens on the debtor's property securing those creditor's claims.[11] If the court dismisses an involuntary petition "other than on consent of all petitioners and the debtor," and if the debtor does not waive the right to seek damages, 11 U.S.C. § 303(i) allows a court to enter judgment for costs, attorneys' fees, proximately caused damages, and punitive damages against the "petitioners" who filed the involuntary petition.[12] Specifically, section 303(i) provides that the court may grant judgment:

> (1) against the petitioners and in favor of the debtor for—
>     (A) costs; or
>     (B) a reasonable attorney's fee; or
> (2) against any petitioner that filed the petition in bad faith, for—

---

[8] *Fed. Trade Comm'n v. Alternatel, Inc.*, 2008 WL 11333090, at *2 (S.D. Fla. 2008) (citing *KMS Rest. Corp. v. Wendy's Intern., Inc.*, 361 F.3d 1321, 1328 n.4 (11th Cir. 2004); *Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen*, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987)).
[9] Under the Bankruptcy Code, the term "person" "includes individual, partnership, and corporation, but does not include governmental unit," except where a governmental unit acquires an asset from a person under a loan guarantee agreement or as receiver or liquidating agent of a person. 11 U.S.C. § 101(41).
[10] The Bankruptcy Code defines "entity" as including a "person, estate, trust, governmental unit, and [the] United States trustee." 11 U.S.C. § 101(15).
[11] 11 U.S.C. § 303(b)(1).
[12] 11 U.S.C. § 303(i).

5

        (A) any damages proximately caused by such filing; or
        (B) punitive damages.[13]

Some courts have held that the term "petitioner"[14] – which is not defined in the Bankruptcy Code – can be interpreted broadly to include agents or principals who sign an involuntary petition, those who caused the petitioning creditors to file the involuntary petition, or those "who are otherwise intertwined or intimately connected with the petitioning creditor."[15] By way of example, in one case on which Visium relies, *Rosenberg*,[16] a group of entities (the "DVI Entities") filed an involuntary petition against an individual, Maury Rosenberg. The involuntary petition listed the DVI Entities as the petitioning creditors, but the facts found by the bankruptcy court showed "abundant evidence"[17] that a different entity, Lyon Financial Services, Inc. ("Lyon"), actually filed the petition.[18] In ruling on a motion to dismiss an adversary proceeding seeking damages after the involuntary petition was dismissed, the bankruptcy court concluded that "the term 'petitioner' must be construed to include those agents and/or principals who sign the involuntary petition for or on behalf of the Petitioning Creditors under principles of agency law and the doctrine of respondeat superior."[19]

---

[13] *Id.*
[14] Black's Law Dictionary defines a "petitioner" as a "party who presents a petition to a court or other official body, esp. when seeking relief on appeal." PETITIONER, Black's Law Dictionary (11th ed. 2019).
[15] *In re Best Home Performance of CT, LLC*, 2019 Bankr. LEXIS 3682, at *38 (Bankr. D. Conn. 2019); *see also Rosenberg v. DVI Receivables, XIV, LLC (In re Rosenberg)*, 471 B.R. 307, 312 (Bankr. S.D. Fla. 2012); *In re Oakley Custom Homes, Inc.*, 168 B.R. 232, 241-44 (Bankr. D. Colo. 1994).
[16] 471 B.R. 307.
[17] *DVI Receivables, XIV, LLC v. Rosenberg (In re Rosenberg)*, 779 F.3d 1254, 1258-59 (11th Cir. 2015).
[18] *Id.* at 1259.
[19] *Rosenberg*, 471 B.R. at 312.

Although the bankruptcy court's decision in *Rosenberg* was largely affirmed on appeal,[20] it is important to note that the Eleventh Circuit did not adopt the bankruptcy court's legal reasoning on this issue. Rather, it affirmed based on the facts later found by the bankruptcy court, and held that "[v]irtually all of the evidence supports that Lyon was the de facto petitioning creditor," and that "[u]nder these circumstances, the bankruptcy court did not clearly err in finding" that Lyon was actually the petitioning creditor and liable for damages under section 303(i)(1).[21]

Here, Visium did not plead any facts remotely close to the "unique factual circumstances" in *Rosenberg*;[22] nor did it argue that it had. Rather, Visium relied on the bankruptcy court's legal conclusion in *Rosenberg* (and other bankruptcy court decisions) that entities other than those that signed an involuntary petition may nevertheless be held liable under 11 U.S.C. § 303(i). This Court, however, disagrees with the bankruptcy court in *Rosenberg*, and instead agrees with other courts that have held "the plain language of § 303 allows relief only against the actual petitioning parties who signed and filed or joined in the involuntary petition."[23]

The text of the Bankruptcy Code is clear that the term "petitioners" includes only the "entities" that signed the petition, and not their principals, agents, or owners.

---

[20] *Rosenberg*, 779 F.3d at 1269.
[21] *Id.* at 1268-69. The Eleventh Circuit also noted that in the intermediate appeal to the District Court, the District Court Judge "agreed with the bankruptcy court's determination that, under the unique factual circumstances of this case," Lyon was subject to liability under section 303(i). *Id.* at 1262 n.4.
[22] *Id.* at 1262 n.4, 1268-69.
[23] *See, e.g., McMillan v. Maestri (In re McMillan)*, 543 B.R. 808, 815 (Bankr. N.D. Tex. 2016) (following a "long line of cases" so holding) (citing *In re Glannon*, 245 B.R. 882, 892–93 (D. Kan. 2000); *In re Int'l Mobile Advert. Corp.*, 117 B.R. 154, 158 (Bankr. E.D. Pa. 1990); *In re Fox Island Square P'ship*, 106 B.R. 962, 967 (Bankr. N.D. Ill. 1989); *In re Advance Press & Litho, Inc.*, 46 B.R. 700, 706 (Bankr. D. Colo. 1984); *In re Ramsden*, 17 B.R. 59, 61 (Bankr. N.D. Ga. 1981); *In re Commonwealth Sec. Corp.*, 2007 WL 309942, at *8 (Bankr. N.D. Tex. 2007)).

7

Although the terms "petitioner" and "petitioning creditor" are not defined in the Bankruptcy Code, other defined terms inform their meanings. As relevant here, the term "creditor" is defined in the Bankruptcy Code to mean an "entity that has a claim against the debtor that arose ***at the time of or before <u>the order for relief concerning a debtor</u>***."[24] Importantly, in a voluntary case, the commencement of the case constitutes the order for relief.[25] But in an involuntary case, an order for relief is not entered until either the petition is not timely controverted, or if it is contested, after a trial.[26] So if an order for relief is not entered, then the entities filing the petition are not "creditors" as that term is defined in the Bankruptcy Code. Hence use of the term "petitioner" in section 303(i), rather than "petitioning creditor."[27]

---

[24] 11 U.S.C. § 101(10)(A) (emphasis added). Although not relevant here, the term "creditor" also includes "an entity that has a claim against the estate of a kind specified in" Bankruptcy Code sections 348(d) (claims arising before conversion of a chapter 11, 12 or 13 case to chapter 7), 502(f) (involuntary "gap" claims), 502(g) (rejection damages claims), 502(h) (claims arising from recovery of certain property), or 502(i) (certain tax claims), and "an entity that has a community claim." 11 U.S.C. § 101(10)(B), (C).

[25] 11 U.S.C. § 301(b).

[26] An order for relief will be entered after trial only if:

> (1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount; or
>
> (2) within 120 days before the date of the filing of the petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

11 U.S.C. § 303(h).

[27] Conversely, the term "debtor" – which is used throughout in section 303 – is keyed to the commencement of a case under the Bankruptcy Code, and not to the entry of an order for relief. *See* 11 U.S.C. § 101(13) ("The term 'debtor' means person or municipality concerning which a case under this title has been commenced."). Thus, if an involuntary petition is dismissed and no order for relief is entered, the debtor is still a "debtor" (because a case under the Bankruptcy Code was commenced concerning it), but the petitioning creditors are not "creditors," and instead are just "petitioners."

Moreover, if it turns out – as Visium has argued here – that one or more of the Petitioning Creditors did not hold valid "claims"[28] against Visium under applicable law, then by definition they could not be "creditors" and therefore could not be "petitioning creditors." Indeed, Visium has argued that Carey's and Anvil's claims were gerrymandered to create three petitioning creditors. If Visium is correct that the purported assignments of some portion of Tarpon Bay's claim to Carey and Anvil were invalid, then neither Carey nor Anvil would hold claims against Visium. But, having (allegedly) wrongfully participated in the gerrymandering of Tarpon Bay's claims in an attempt to create three petitioning creditors, the Petitioning Creditors should not be able to escape liability under section 303(i) if their claims prove to be invalid. Thus, by using the term "petitioners," instead of "petitioning creditors," Congress ensured that entities could not escape liability under section 303(i) upon a determination that their claims were invalid.

Finally, at least as to section 303(i)(1), a familiar canon of statutory construction dictates that it must be strictly construed. The Eleventh Circuit has described section 303(i)(1) as a fee-shifting statute.[29] As a fee-shifting statute, it must be strictly construed because it is in derogation of the common law rule that each

---

[28] The term "claim" means "(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5).

[29] *Rosenberg*, 779 F.3d at 1266 (noting that "it appears that § 303(i)(1) is a fee-shifting statute because any fees are tied to the outcome—the dismissal—and shift the costs of the litigation as a whole from the alleged debtor to the creditors that improperly filed the bankruptcy petition").

party must pay its own fees.[30] Interpreting the term "petitioners" as broadly as Visium advocates is contrary to this well-establish canon of statutory construction.

## CONCLUSION

Only the "entities" that filed the involuntary petition are "petitioners" that may be liable for fees, costs, and damages under 11 U.S.C. § 303(i). The individuals who signed the involuntary petition on behalf of those entities are not "petitioners," as that term is used in section 303. Accordingly, the Individual Defendants' motion to dismiss must be granted.

It is therefore **ORDERED** that:

1. The Individual Defendants' motion to dismiss[31] is **GRANTED**.

2. Counts II, III, IV, VI, VII, and VIII of Visium's *Amended Complaint for Damages and Other Relief*[32] are all **DISMISSED**.

3. Stephen Hicks, Joseph C. Canouse, and Jeffrey M. Canouse are **DISMISSED** as defendants in this Adversary Proceeding.

### # # #

Copies to all interested parties by CM/ECF.

---

[30] *See Peer v. Liberty Life Assurance Co. of Bos.*, 992 F.3d 1258, 1262-63 (11th Cir. 2021) (strictly construing ERISA's fee-shifting statute, 29 U.S.C. § 1132(g)(1)); *MR Crescent City, LLC v. Draper (In re Crescent City Estates, LLC)*, 588 F.3d 822, 825-826 (4th Cir. 2009) (strictly construing 28 U.S.C. § 1447(c), which allows a court to award costs and expenses upon remanding a removed action).
[31] ECF No. 24.
[32] ECF No. 7.